UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRAVIS K. BURTON,

    Plaintiff,

v.   Case No. 3:22cv6325-MCR-HTC

CAPTAIN HAIR, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Before the Court is Defendants' motion to dismiss, which argues Plaintiff failed to state a Fourteenth or Eleventh Amendment claim, and he is not entitled to injunctive relief. ECF Doc. 23. Plaintiff responded, clarifying that he did not intend to bring an independent Fourteenth Amendment claim. ECF Doc. 25. After reviewing the parties' submissions and the relevant law, the undersigned concludes Defendants' motion should be granted[1] to the extent this case should proceed only on Plaintiff's First Amendment retaliation claim and Eighth Amendment excessive force claim against Defendants Hair and Hayes in their individual capacities.

---

[1] The final sentence of Defendants' motion requests that the Court dismiss this action with prejudice. ECF Doc. 23 at 7. The undersigned assumes this request was included in error, as Defendants' motion does not address Plaintiff's retaliation or excessive force claims.

**I.      Background**

Plaintiff Travis K. Burton, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to events at Santa Rosa Correctional Institution ("SRCI") in 2021.  ECF Doc. 11.  He alleges Defendant Hair retaliated against him for asking for the return of his religious materials by directing other officers, including Defendant Hayes, to use excessive force on him.  Based on the foregoing, Plaintiff alleges Defendants violated his rights under the First, Eighth, and Fourteenth Amendments.

**II.     Discussion**

    **A.     Fourteenth Amendment**

Defendants first argue that Plaintiff's allegations fail to support a due process or equal protection claim, and any excessive force claim under the Fourteenth Amendment claim is duplicative of his Eighth Amendment claim.  ECF Doc. 23 at 3-5.  In his response to Defendants' motion, Plaintiff clarifies that he did not intend to bring an independent Fourteenth Amendment claim and referenced it only because it makes the Eighth Amendment applicable to states.  ECF Doc. 25 at 3. Thus, to avoid any further confusion, the Fourteenth Amendment claim should be dismissed, and Plaintiff's excessive force claim should proceed with reference to only the Eighth Amendment.

B. **Eleventh Amendment and Injunctive Relief**

Defendants next argue that (1) Plaintiff cannot maintain an Eleventh Amendment claim; (2) they are immune from suits for damages in their official capacities; and (3) Plaintiff is not entitled to injunctive relief against a nonparty such as the Florida Department of Corrections. ECF Doc. 23 at 5-7. Plaintiff does not contest any of these arguments in his response.

Upon reviewing Plaintiff's amended complaint, ECF Doc. 11 at 8, it appears the reference to the "11th" Amendment was a typographical error. In any event, the undersigned agrees with Defendants' arguments. "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 781 (1978). "A violation of the Eleventh Amendment cannot form a basis for Plaintiff's § 1983 suit." *Irvin v. Coleman*, 2021 WL 2450762, at *3 (S.D. Ga. May 21, 2021), *report and recommendation adopted*, 2021 WL 2445892 (S.D. Ga. June 15, 2021).

Furthermore, as the Court previously explained, ECF Docs. 9, 12, Plaintiff cannot recover damages from Defendants in their official capacities, *Lewis v. Charlotte Corr. Inst. Emps.*, 589 F. App'x 950, 952 (11th Cir. 2014) ("[A] claim for damages against the FDOC officers fails because the state officials sued in their official capacities are immune from such relief.") (citation omitted), and his request for injunctive relief is moot, as he is no longer incarcerated at SRCI, the facility

where his allegations took place and where the Defendants are employed, and he has made no allegations regarding the conditions at his current facility or possible retaliation from prison officials there. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding inmate's claims for declaratory and injunctive relief regarding treatment at a facility at which inmate was no longer incarcerated were moot).

Accordingly, it is RECOMMENDED:

1. That Defendants' motion to dismiss, ECF Doc. 23, be granted *only* as to the Fourteenth Amendment claim, the Eleventh Amendment claim, the claims against the Defendants in their official capacities, and the claim for injunctive relief.

2. That Defendants be required to file an answer to the First Amendment retaliation claim and the Eighth Amendment excessive force claim within fourteen (14) days of the Court's adoption of the Report and Recommendation.

3. That this case be referred to the Magistrate Judge for further proceedings on those claims.

At Pensacola, Florida, this 3rd day of February, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv6325-MCR-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.